**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION**

| | | |
|---|---|---|
| JAMES LEONARD RUSSELL, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:23-cv-0879 |
| | ) | |
| vs. | ) | United States Magistrate Judge |
| | ) | Christopher B. Brown |
| SUPERINTENDENT TINA WALKER, | ) | |
| DISTRICT ATTORNEY OF COUNTY | ) | |
| OF ALLEGHENY, and ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| PENNSYLVANIA, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION DENYING
PETITION FOR WRIT OF HABEAS CORPUS**

**Christopher B. Brown, United States Magistrate Judge**

Pending before the Court[1] is the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed pro se by Petitioner, James Leonard Russell.  He challenges the March 2, 2018, Judgments of Sentence imposed by the Court of Common Pleas of Allegheny County, Criminal Division, at Criminal Nos. CP-02-CR-09272-2017 and CP-02-CR-12425-2017.  ECF No. 1, ¶ 1(b).  For the reasons explained below, the Petition will be dismissed with prejudice and a certificate of appealability will be denied as to each claim.

---

[1]    In accordance with the provisions of 28 U.S.C. § 636(c), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.  *See* ECF Nos. 7 and 16.

## I.      Jurisdiction

This Court has jurisdiction under 28 U.S.C. § 2254, as amended by the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the federal

habeas statute applicable to prisoners in custody pursuant to a state court

judgment.  It permits a federal court to grant a state prisoner the writ of habeas

corpus "on the ground that he is in custody in violation of the Constitution . . . of the

United States."  28 U.S.C. § 2254(a).

It is a petitioner's burden to establish entitlement to the writ.  28 U.S.C. §

2254(a); *see, e.g.*, *Vickers v. Superintendent Graterford SCI*, 858 F.3d 841, 848-49

(3d Cir. 2017), *as amended* (July 18, 2017).  There are prerequisites, however, that a

petitioner must satisfy before habeas relief is deemed appropriate.

## II.      Relevant Legal Standards

### A.      The AEDPA Statute of Limitations

The first consideration in reviewing a federal habeas corpus petition is

whether the petition was timely filed within the applicable statute of limitations.

*See* 28 U.S.C. § 2244(d).  In their Answer, Respondents concede the Petition is

timely.  ECF No. 10 at 14.  A review of the record supports this conclusion. [2]

Therefore, Russell's claims are timely filed.

---

[2]      Respondents attached as Exhibits to their Answer relevant state-court filings and decisions. For ease of reference, the Court uses page numbers from the CM/ECF header.  Respondents have also provided a hard copy of the original state court record, including the transcripts from Russell's preliminary hearing (T17-2266), the motions hearing (T19-0119), the jury trial (T19-0150), and sentencing hearing (T19-0421).

### B.    Exhaustion and Procedural Default

The provisions of the federal habeas corpus statute, 28 U.S.C. § 2254(b), require a state prisoner to exhaust available state court remedies before seeking federal habeas corpus relief.  *See* 28 U.S.C. 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  In order to exhaust a claim, "a petitioner must present a federal claim's factual substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999).  "'It is not sufficient that all the facts necessary to support the federal claim were before the state courts,' . . . , and 'mere similarity of claims is insufficient to exhaust.'" *Keller v. Larkins*, 251 F.3d 408, 413 (3d Cir. 2001) (internal citations omitted).

Moreover, a state prisoner must raise every federal constitutional claim raised in the federal habeas petition in state court through the proper procedures before he litigates them in a federal habeas petition.  *O'Sullivan*, 526 U.S. at 845; *Lambert v. Blackwell*, 387 F.3d 210, 234 (3d Cir. 2004).  In Pennsylvania, one complete round includes presenting the federal claim through the Superior Court on direct or collateral review.  *See Lambert,* 387 F.3d at 232-34.

The doctrine of procedural default, like the doctrine of exhaustion, is "grounded in concerns of comity and federalism." *Coleman*, 501 U.S. at 730.  It is based on the "independent and adequate state law grounds" doctrine, which dictates that federal courts will not review a state court decision involving a question of federal law if the state court decision is based on state law that is "independent" of

3

the federal question and "adequate" to support the judgment. *See Martinez v. Ryan,* 566 U.S. 1, 9 (2012) ("Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court *will not* review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule.") (emphasis added).

A petitioner may avoid the default of a claim by showing "cause and prejudice" or "that failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750. "'Cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[.]" *Id.* at 753. To establish a fundamental miscarriage of justice, a petitioner must make a credible showing of actual innocence. *See Reeves v. Fayette SCI*, 897 F.3d 154, 160 (3d Cir. 2018), *as amended* (July 25, 2018). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). It is a petitioner's burden to demonstrate circumstances excusing procedure default. *Coleman*, 501 U.S. at 650.

### III.    Relevant Background

The Superior Court of Pennsylvania, in its decision of January 19, 2023, summarized the relevant factual and procedural history of Russell's underlying criminal case as follows:

> On March 1, 2018, a jury convicted Russell at two separate dockets of various sex offenses involving two minors, S.G. and I.W.  On May 21, 2018, the trial court sentenced him to serve an aggregate term of 226 to 472 months of imprisonment and a consecutive five-year probationary term.  Following the denial of his post-sentence motion, Russell appealed to this Court.  In that appeal, he challenged the trial court's decision to join the two dockets for trial, as well as several challenges to the sufficiency of the evidence supporting his convictions involving I.W.
>
> On May 29, 2020, we rejected Russell's claims by adopting the trial court's opinion, and our Supreme Court denied his petition for allowance of appeal on October 5, 2020. *See Commonwealth v. Russell,* 237 A.3d 495 (Pa. Super. 2020) (non-precedential decision), *appeal denied*, 240 A.3d 97 (Pa. 2020).

ECF No. 10-37 at 1-2.

### A.    PCRA Proceedings

Russell filed a timely pro se PCRA petition on April 12, 2021.  *See* ECF No. 10-24.  The PCRA court appointed counsel, ECF No. 10-25, who filed a motion to withdraw and a "no-merit" letter under *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1998), and *Commonwealth v. Finley,* 550 A.2d 213 (Pa. Super. 1988) (en banc).  ECF 10-26.  The PCRA court filed a notice of its intention to dismiss the petition without

a hearing, ECF No. 10-28, and on January 11, 2022, it dismissed the petition and granted the motion to withdraw filed by appointed counsel.  ECF No. 10-29.

Russell, proceeding pro se, appealed the dismissal of his PCRA petition, ECF No. 10-20, and on January 19, 2023, the Superior Court affirmed the dismissal. ECF No. 10-37.  Russell did not seek further review.

### B.    The Instant Federal Habeas Case

Russell initiated this federal habeas action on May 26, 2023, with the filing of the Petition.  ECF No. 1.  The Petition includes a declaration indicating Russell placed the petition in the prison mailing system on May 18, 2023.  *Id.* at 16. Accordingly, the Petition was constructively filed on May 18, 2023.  *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) ("we hold that a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court.").  Respondents answered the Petition on September 20, 2023, ECF No. 10, and Russell filed a Reply to Respondents' Answer on November 24, 2023.  ECF No. 13.

Russell asserts the following grounds for federal habeas relief:

Ground I.    "Prosecutorial misconduct"

    a.    The trial prosecutor committed prosecutorial misconduct when she intentionally misrepresented the law in her closing argument.

    b.    The trial court committed misconduct by not addressing the trial prosecutor's misstatement of the law in its jury instructions.

Ground II.    "Ineffective assistance of counsel"

    a.    Trial counsel failed to thoroughly investigate the allegations to determine whether the victims or their families had any ulterior motive for fabricating the claims against Petitioner.

    b.    Trial counsel failed to examine or photograph the crime scene to determine if the crimes could have been committed when, where, and how the victims' alleged they were.

    c.    Trial counsel failed to interview any former neighbors, siblings of the victims, CYF caseworkers, school officials, medical personnel, or any potential character witnesses as a means of impeaching the testimony of the victims.

    d.    Trial counsel failed to object when the ADA in her closing statement informed the jury that they could convict based solely on the jury's belief of the victims' testimonies, without proof.

    e.    Trial counsel failed to request a mistrial when this misrepresentation of the law was uttered.

    f.    Trial counsel failed to request a judgment of acquittal once the Commonwealth concluded its case without producing any proof of the alleged crimes being committed.

    g.    All prior counsel (trial, direct appeal, and PCRA counsel) failed to challenge the constitutionality of Petitioner's convictions where the Commonwealth failed to meet its burden of proof.

ECF No. 4 at 5-6; ECF No. 4-1 at 12.

Respondents argue the Petition should be dismissed as the claims were not exhausted in the state courts properly and, as a result, are procedurally defaulted. ECF No. 10.  In the alternative, Respondents argue each claim lacks merit.  *Id.* Russell counters,

7

> In my defense, I have had no outside legal assistance in the preparation of this petition other than an inmate law library worker who directed me to the form I used to submit the petition which I filled out according to the instructions given.
>
> I do not claim to be proficient in the intricacies of the law or legal procedures. The only tools I have at my disposal are my common sense and basic comprehension of the laws and criminal procedures as they are written. . . .
>
> If any current issue was not raised prior to this proceeding, it was not a result of an effort by me to blatantly disregard the law or court procedures, but of ignorance on my part and incompetence by the prior counsel that I entrusted with my life and liberty.

ECF No. 13 at 1-2.

## IV.    Analysis

Before this Court considers the merits of Russell's federal habeas claims, it will address whether the Petition fulfills the applicable procedural requirements as set forth in AEDPA.

On direct appeal, through counsel, Russell raised five issues: one due process claim objecting to the trial court's granting of the Commonwealth's motion for joinder and four claims regarding the sufficiency of the evidence. ECF No. 10-21 at 3-4. Each claim was denied on its merits. *Id.* at 4-5.

Russell then raised four issues in his PCRA appeal:

> I.    Did the [PCRA] court err when it dismissed [Russell's] claim of a due process violation by the Commonwealth where the prosecuting assistant district attorney made an erroneous and improper statement to the jury in her closing argument?

8

> II. Did the [PCRA] court err when it dismissed [Russell's] claim of the weight of the prosecution's evidence being insufficient to support the convictions of any of the charges [at either docket]?
>
> III. Did the [PCRA] court err when it failed to reconsider [Russell's] request to find that the Commonwealth did not meet its burden of proof beyond a reasonable doubt based on newly discovered evidence?
>
> IV. Did the [PCRA] court err when it dismissed [Russell's] claim of ineffective assistance of counsel, where counsel failed to call [relevant] witnesses, failed to object to inappropriate comment by prosecuting ADA, failed to motion the court for a [judgment] of acquittal upon the completion of the Commonwealth's case, [and] failed to offer a compromise to the jury instruction?

ECF No. 10-37 at 3 (citing Russell's brief at 2-2b); *see also* ECF No. 10-35 at 4-5.

The Superior Court, in affirming the PCRA court's dismissal of the PCRA petition,

found the issues raised by Russell were either previously litigated, waived, or

otherwise lacked merit. *Id*. at 8.

As noted above, Russell raises two grounds for federal habeas relief in his

petition – a prosecutorial misconduct claim, with two subparts, and an ineffective

assistance of counsel claim, with seven subparts. ECF No. 4 at 5-6; ECF No. 4-1, at

12. Each claim is addressed in order.

## A.    Prosecutorial Misconduct

Russell did not raise this issue on direct appeal, but he did raise it on PCRA

appeal. ECF No. 10-37 at 3. The Superior Court found the claim was waived as

Russell had not raised the issue in his direct appeal. ECF No. 10-37 at 5 (citing 42 Pa.C.S.A. § 9544(b)). Accordingly, this claim is procedurally defaulted.

The requirement under 42 Pa. C.S.A. § 9544(b) that "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding" has been held to be an "independent and adequate" state law ground for denying habeas relief. *See Garcia v. Adams*, No. 17-CV-5249, 2019 WL 8015127, at *6 (E.D. Pa. Aug. 27, 2019), *report and recommendation adopted*, 2020 WL 868200 (E.D. Pa. Feb. 20, 2020), *aff'd sub nom. Garcia v. Superintendent Forest SCI*, No. 20-1570, 2022 WL 1153122 (3d Cir. Apr. 19, 2022) (citing cases). This Court may not review this claim unless Russell establishes cause and prejudice or a fundamental miscarriage of justice to excuse the default.

Russell appears to concede he has procedurally defaulted his claims. ECF No. 13 at 2 ("If any current issue was not raised prior to this proceeding, it was not a result of an effort by me to blatantly disregard the law or court procedures, but of ignorance on my part and incompetence by the prior counsel[.]"). Russell's arguments are unavailing. First, any alleged ignorance of the law does not excuse procedural default. *Golden v. Sabol*, No. 06-3245, 2007 WL 4616599, *9 (E.D. Pa. June 15, 2007) (citing *Felicetty v. Bianco*, No. 02-585, 2003 WL 21402544, *3 (D. Del. Jun. 10, 2003) (citing *Coleman*, 501 U.S. at 757)), *report and recommendation adopted*, No. 06-3245, 2007 WL 3283240 (E.D. Pa. Nov. 5, 2007).

10

Next, to the extent Russell is attempting to invoke the *Martinez* exception his attempt is misplaced. *Martinez* may serve as a cause to excuse the procedural default of a claim of *trial counsel's* ineffectiveness. 556 U.S. at 17. But the *Martinez* exception cannot be used to provide "cause" for Russell's direct prosecutorial misconduct claim because it is not an ineffective assistance of trial counsel claim. Russell has failed to advance any argument as to why this Court should excuse the procedural default. Accordingly, the claim is foreclosed from habeas review.

## B. Trial Court Error

While Russell presented a trial court error claim in his PCRA petition,[3] he did not raise a trial court error claim in either his direct appeal or his PCRA appeal. As with his prosecutorial misconduct claim, this claim is procedurally defaulted. And Russell has not established either cause and prejudice or a fundamental miscarriage of justice to excuse the default. Thus, this claim is also foreclosed from federal habeas review.

## C. Ineffective Assistance of Counsel Claims

Russell raises seven claims of ineffective assistance of counsel in this petition. ECF No. 4 at 5-6; ECF No. 4-1 at 12. While he also raised multiple claims of trial counsel's ineffectiveness in his PCRA appeal,[4] the Superior Court determined:

---

[3]    Russell alleged the trial court "erred in permitting the Assistant District Attorney to state in her closing argument that the testimony of a single witness, if believed by the jury, was sufficient to convict [him]." ECF No. 10-34 at 3.

[4]    *See* ECF No. 10-37 at 3 (Claim IV) (citing Russell's brief at 2-2b).

11

> Russell only raised one issue regarding trial counsel's ineffectiveness in his pro se PCRA petition. Thus, to the extent Russell raises new claims of trial counsel's ineffectiveness for the first time on appeal, they are waived.  Pa.R.A.P 302(a).  The PCRA court found that the only ineffectiveness claim raised and/or suggested by Russell's petition was trial counsel's failure to *call* witnesses.  PCRA Court Opinion, 5/9/22, at 4.

ECF No. 10-37 at 7 (emphasis added).[5]  After reviewing the record, the Superior Court concluded Russell's sole ineffective assistance of counsel claim - that trial counsel failed to call relevant witnesses - was without merit:

> Our review of the record supports the PCRA court's conclusion that Russell "failed to identify the testimony of any proposed witnesses and how such testimony would affect the outcome."  PCRA Court Opinion, 5/9/22, at 4. Indeed, as the court further noted, Russell could not establish prejudice given that he conceded in his Rule 1925(b) statement that "none of the witnesses [could] prove my innocence."  ***Id***.  Thus because Russell has failed to establish any ***Sneed***[6] factors, his ineffectiveness claim fails.

*Id*. at 8.

---

[5]   The state procedural rule, Rule 302(a), under which the Superior Court found Russell's claims were waived, is an independent and adequate state procedural rule.  *See, e.g.*, *Thomas v. Sec'y, Pennsylvania Dep't of Corr.*, 495 F. App'x 200, 205-06 (3d Cir. 2012) (noting regularity with which Rule 302(a) is applied by Pennsylvania courts to "decline to consider on appeal an argument that was not explicitly raised in the PCRA petition").

[6]   Under Pennsylvania law, "[t]o establish that trial counsel was ineffective for failing to investigate or call a witness at trial, a PCRA petitioner must demonstrate that:

> (1) the witness existed; (2) the witness was available; (3) trial counsel was informed of the existence of the witness or should have known of the witness's existence; (4) the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) the absence of the testimony prejudiced appellant.

ECF No. 10-27 at 7-8 (quoting *Commonwealth v. Sneed*, 45 A.3d 1096, 1108-09 (Pa. 2012).

Here, none of the ineffective assistance of counsel claims Russell attempts to raise are exhausted and all are procedurally defaulted.  While Claim (c) – failing to *interview* any former neighbors, siblings of the victims, CYF caseworkers, school officials, medical personnel, or any potential character witnesses -  is similar to the claim raised on appeal (failing to *call* relevant witnesses at trial), exhaustion requires presentation of the *same* legal claim and the *same* factual basis in state court.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) ("mere similarity of claims is insufficient to exhaust"); *Landano v. Rafferty*, 897 F.2d 661, 668 (3d Cir. 1990) (the claim raised in a federal habeas petition must be the "substantial equivalent" to that presented to the state courts.) (internal citations omitted).

As noted above, the Court construes Russell's explanation for the default of his claims ("incompetence by the prior counsel") as invoking the *Martinez* exception. Under *Martinez*, a petitioner bears the burden of establishing the ineffectiveness of PCRA counsel in order to seek to excuse the procedural default of a claim of trial counsel's ineffectiveness.[7]  To qualify for *Martinez*'s exception, a petitioner must demonstrate (1) the defaulted claim of trial counsel's ineffectiveness is "substantial" and (2) PCRA counsel was ineffective within the meaning of *Strickland v. Washington*, 466 U.S. 668 (1984), for failing to raise that claim in the initial review collateral proceeding.  *Martinez*, 566 U.S. at 17.  *See also Workman v.*

---

[7]      *Martinez*, however, does not provide that claims of ineffective assistance of PCRA counsel can serve as grounds for relief from a state court conviction in federal habeas proceedings.

*Superintendent Albion SCI*, 915 F.3d 928, 938 (3d Cir. 2019); *Gaines v. Superintendent Benner Twp. SCI*, 33 F.4th 705, 710 (3d Cir. 2022).

Here, Russell's mere general assertion of counsel's "incompetence" falls well short of establishing the requirements of *Strickland*, i.e., a showing that counsel's performance was deficient, without strategic or reasonable basis, and the deficiency prejudiced the defendant. As Russell has not established either cause and prejudice or a fundamental miscarriage of justice to excuse the default of his ineffective assistance of counsel claims, these claims are also foreclosed from federal habeas review.

## V.    Conclusion

A review of the Petition, the Answer, and the Reply, as well as the relevant state court record, reveals the claims Russell raises in his Petition are procedurally defaulted. Hence, the petition for writ of habeas corpus under 28 U.S.C. § 2254 will be dismissed with prejudice as procedurally defaulted and Russell has failed to advance any argument as to why this Court should excuse the procedural default of his claims.

Russell is not entitled to a certificate of appealability as jurists of reason would not find it debatable that the claims presented in this habeas petition are procedurally defaulted and Russell has not advanced any argument as to why this Court should excuse the procedural default of his claims. Therefore, a certificate of appealability as to each claim will be denied. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A separate order follows.

14

DATED this 30th day of June, 2026.

BY THE COURT:

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge

cc:    JAMES LEONARD RUSSELL
NK-9365
SCI FAYETTE
50 Overlook Drive
LaBelle, PA 15450
(via U.S. First Class Mail)

Ronald M. Wabby , Jr.
Office of the District Attorney
(via ECF electronic notification)